IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| vs. ) | No. 2:24-CR-29 |
| ) | |
| PATRICK MCANENY, Jr., Defendant. ) | |

**DEFENDANT'S SENTENCING MEMORANDUM
AND REQUEST FOR VARIANCE**

Comes now Defendant, Patrick McAneny, Jr., by and through counsel, and submits the following sentencing memorandum in support of his request for a sentence of 180 months imprisonment, the mandatory minimum term required by statute. This sentence is appropriate in this case, because it adequately reflects the seriousness of the offense while accounting for Mr. McAneny's acceptance of responsibility and personal characteristics.

**I. Procedural History**

1. On February 26, 2025, Patrick McAneny, Jr. entered a plea of guilty to one count of using or attempting to use a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction, in violation of 18 U.S.C. § 2251(a), 18 U.S.C. § 2251(e).

2. The parties have agreed to the following guideline calculation, which is not binding on this Court:

- a base offense level of 32;
- a two-level enhancement for material involving a minor at least twelve but under the age of sixteen, pursuant to § 2G2.1(b)(1)(B);

1

- a two-level enhancement because the offense involved the commission of a sexual act, pursuant to § 2G2.1(b)(2)(A); and

- a two-level enhancement because the defendant knowingly engaged in distribution, pursuant to § 2G2.1(b)(3).

- Additionally, although the Defendant has objected, Probation has also added a five-level enhancement because the defendant engaged in prohibited sexual conduct on at least two separate occasions with a minor, pursuant to § 4B1.5(b)(1).

3. The Presentence Investigation Report (hereafter "PSR") recommends a base offense level of 43.

4. The PSR recommends a three-level reduction for acceptance of responsibility, resulting in a total offense level of 40. Patrick McAneny, Jr. has no real criminal history and is in criminal history category I. The advisory Guidelines range, as calculated in the PSR, is 292 to 365 months. However, the Guidelines range exceeds the statutory maximum sentence of 30 years, therefore the Guidelines advisory sentence is 292-360 months, with a mandatory minimum sentence of 180 months.

**II. Sentencing Factors in 18 U.S.C. § 3553(a)**

**A. The Kinds of Sentences Available and the Advisory Sentencing Range – 18 U.S.C. § 3553(a)(3) and (4)**

A conviction under 18 U.S.C. § 2251(a) requires imprisonment for at least one hundred eighty months, but not more than thirty years. If a term of imprisonment is imposed, the Court is required to impose a term of supervised release of no less than five years, or life. 18 U.S.C. § 3583(k).

**1. A district court is free to reject and vary categorically from a Guideline, based on a policy disagreement with that Guideline.**

A district court may not presume that a Guidelines range is reasonable. *Gall v. United States*, 552 U.S. 38, 50 (2007). The Guidelines are "the starting point and the initial benchmark" in determining a sentence, but a court must make an individualized assessment based on the sentencing factors in 18 U.S.C. § 3553(a) and impose a sentence sufficient, but not greater than necessary, to accomplish the goals of sentencing. *Id*. at 49-50; *United States v. Beiermann*, 599 F.Supp.2d 1087, 1091 (N.D. Iowa 2009).

In the ordinary case, the Guidelines range "will reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." *Kimbrough v. United States,* 552 U.S. 85, 109 (2007). The Sentencing Commission was formed to promulgate the Guidelines based on empirical data, research and careful study of past sentencing practices. *Id*. at 96. But, where the Guidelines "do not exemplify the Commission's exercise of its characteristic institutional role," it would not be an abuse of discretion for a district court to conclude that the Guidelines yield a sentence greater than necessary to achieve § 3553(a)'s purposes. *Id*. at 109-110; see also, *Spears v. United States,* 555 U.S. 261, 263-266 (2009) (district courts are entitled to reject and vary categorically from the Guidelines based on a policy disagreement with those Guidelines, even when a particular defendant presents no special mitigating circumstances).

The Court's holdings in *Kimbrough* and *Spears* apply with equal force to other Guidelines, including U.S.S.G. § 2G2.2. See, *United States v. VandeBrake*, 679 F.3d 1030, 1037 (8th Cir. 2012) (district court was free to vary based on a policy disagreement with the antitrust Guidelines); *United States v. Henderson*, 649 F.3d 955, 962-963 (9th Cir. 2011) (the child pornography Guidelines are not the result of the Sentencing Commission's characteristic institutional role and district courts may vary from the Guidelines based on policy disagreement

3

with them); *United States v. Dorvee*, 616 F.3d 174, 188 (2nd Cir. 2011) (*Kimbrough*'s holding applies with "full force" to U.S.S.G. § 2G2.2); *United States v. Grober*, 624 F.3d 592, 609 (3rd Cir. 2010) (district court adequately explained its policy disagreement with § 2G2.2 and did not abuse its discretion when it varied from the Guidelines range).

    **2. Guideline § 2G2.1 does not exemplify the Sentencing Commission's exercise of its characteristic institutional role.[1]**

Guideline § 2G2.1 is the product of arbitrary legislation by Congress, rather than the careful research and study of the Sentencing Commission. From 1987 through the passage of the PROTECT Act in 2003, Congress has steadily ratcheted up the base offense level for § 2G2.1 and 2G2.2.[2] United States Sentencing Commission, *The History of the Child Pornography Guidelines* (Oct. 2009) (hereafter cited as "U.S.S.C. History of CP")[3]; Troy Stabenow, *Deconstructing the Myth of Careful Study: A Primer on the Flawed Progression of the Child Pornography Guidelines* (unpublished comment, Jan. 1, 2009) (hereafter cited as "Stabenow").[4] The increases to the base offense level and the addition of new enhancements were often opposed by the Sentencing Commission. U.S.S.C., History of CP at 18-21; Stabenow at 7-8, 20. Some of the enhancements, such as the enhancement for number of images, and increases to the base offense level have no basis in empirical research. U.S.S.C., History of CP at 42-48; Stabenow at 3, 19-23, 25-26.

---

[1] For cases analyzing the history of the child pornography guidelines and the roles of the Sentencing Commission and Congress, see *United States v. Henderson*, 649 F.3d 955, 960-962 (9th Cir. 2011); *United States v. Grober*, 624 F.3d 592, 604-607 (3rd Cir. 2010); *United States v. Dorvee*, 616 F.3d 174, 184-186 (2nd Cir. 2010).
[2] Prosecutorial Remedies and Other Tools to end the Exploitation of Children Today Act, Pub. L. No. 108-21, 117 Stat. 650 (2003).
[3] http://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-projects-and-surveys/sex-offenses/20091030_History_Child_Pornography_Guidelines.pdf.
[4] http://www.ussc.gov/sites/default/files/pdf/training/annual-national-training-seminar/2016/report_stabenow.pdf.

4

### 3. Application of U.S.S.G. § 2G2.1 to this case results in an unreasonable advisory Guideline range.

Courts must be particularly careful when determining an appropriate sentence under U.S.S.G. § 2G2.1 and 2G2.2, because "they are dealing with an eccentric Guideline of highly unusual provenance which, unless carefully applied, can easily generate unreasonable results." *United States v. Dorvee*, 616 F.3d 174, 188 (2nd Cir. 2010). Guideline § 2G2.1 includes several enhancements which are present in many cases. Thus, routine application of § 2G2.1 means that unless a district court grants a downward variance, every offender is treated as the "worst of the worst," no matter their true culpability, in direct contradiction to a court's duty "to consider every convicted person as an individual," and to impose a sentence that is sufficient but not greater than necessary to satisfy the purposes of sentencing. *Gall v. United States*, 552 U.S. 38, 52 (2007); 18 U.S.C. § 3553(a).

Guideline § 2G2.1 produces ranges that are skewed toward the maximum sentence and that apply to many offenders, therefore § 2G2.1 results in sentences that are not proportionate to an offender's culpability. Stabenow at 29; *United States v. Tutty*, 612 F.3d 128, 132 (2nd Cir. 2010) (the Guidelines make no distinction between the sentences for an ordinary first offender and the sentences for the most dangerous offenders). That is why the Sentencing Commission has recognized that the Guideline must be revised.

### 4. The mandatory minimum ensures substantial punishment.

The 180-month mandatory minimum term prescribed by Congress ensures substantial punishment while avoiding unwarranted disparities. The Commission's October 2021 report on production offenses reveals that courts routinely vary downward, reflecting judicial recognition

5

Case 2:24-cr-00029-DCLC-CRW   Document 46   Filed 06/18/25   Page 5 of 13
PageID #: 466

that the guidelines often recommend sentences greater than necessary to achieve § 3553's objectives.

Mr. McAneny's history suggests he presents a low risk of recidivism. His criminal history consists of only one misdemeanor domestic assault charge, suggesting that his current offense, while admittedly serious, does not represent a pattern of criminality.

Empirical research supports this assessment: a comprehensive study of federal supervision outcomes found that sex offenders demonstrated significantly lower rates of supervision violations and new arrests than their non-sex-offender counterparts. See Cohen & Spidell, *How Dangerous Are They? An Analysis of Sex Offenders Under Federal Post-Conviction Supervision,* 80:2 Fed. Probation 21, 27 (Sept. 2016) (analyzing data from 89,615 non-sex-offenders and 3,909 sex offenders under federal supervision).

*https://www.uscourts.gov/about-federal-courts/probation-and-pretrial-services/federal-probation-journal/2016/09/how-dangerous-are-they-analysis-sex-offenders-under-federal-post-conviction-supervision*.

His profile aligns with Commission findings indicating lower recidivism rates among offenders with similar characteristics. U.S. Sent'g Comm'n, Federal Sentencing of Child Pornography: Production Offenses 41 (Oct. 2021).

*https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2021/20211013_Production-CP.pdf*.

Mr. McAneny's commitment to rehabilitation weights in favor of a sentence no greater than the mandatory minimum. His willingness to engage in mental health treatment reflects both an understanding of underlying issues and steps toward addressing them.

**B. The Need to Avoid Unwarranted Sentencing Disparities – 18 U.S.C. § 3553(a)(6)**

Many federal judges question whether § 2G2.1 and 2G2.2 provides any guidance with regard to imposing reasonable sentences, while others adhere to the guideline in spite of the Sentencing Commission's research and analysis. Hamilton, M., *The Efficacy of Severe Child Pornography Sentencing: Empirical Validity or Political Rhetoric?* 22 Stan. L. & Pol'y Rev. 545, 559-569 (2011) (collecting cases reflecting divergent views on the guideline).

**C. The nature and circumstances of the offense and the history and characteristics of the defendant – 18 U.S.C. § 3553(a)(1)**

Possession of child pornography is undoubtedly a serious offense. The children who are sexually exploited for purposes of promoting and producing child pornography suffer significant emotional and physical pain. There are also varying levels of culpability among defendants who are convicted of distribution. Patrick McAneny did not disseminate mass quantities of pornography for profit. He began his relationship with the minor victim when he reached out to her by virtue of a dating app, where the minor was registered. He wasn't online purposely seeking sexual contact with minors. Nevertheless, Mr. McAneny recognizes that he committed a terrible act, and he deeply regrets any pain caused to the minor and her family.

Although his childhood was good, it was not without its challenges. Mr. McAneny was diagnosed with ADHD and Bi-Polar Disorder. School was difficult for him, leading him to eventually drop out. However, despite these obstacles, he demonstrated resilience by obtaining his GED. Also, his work history shows his ability to maintain stable employment when given the opportunity.

7

**D. The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment for the offense – 18 U.S.C. § 3553(a)(2)(A)**

Federal criminal sentences are meant to reflect the seriousness of the offense; to promote respect for the law; to provide just punishment; to afford adequate deterrence to criminal conduct; to protect the public from the defendant's further crimes; and to rehabilitate the defendant. *United States v. Kelly*, 868 F.Supp.2d 1202, 1206 (D. New Mexico 2012.

The statutory maximum sentence for Mr. McAneny's offense is 30 years. If a within-Guidelines sentence is imposed, Mr. McAneny's sentence would be close to the 30-year maximum, regardless of his relative culpability. Under these circumstances, a within-Guidelines sentence cannot promote respect for the law or provide just punishment. Patrick McAneny is not the "worst of the worst" and to punish him as if he were the most culpable offender does not promote respect for the law.

Additionally, Patrick McAneny is required to register as a sex offender under 42 U.S.C. § 16913 and under applicable state law. The fact that he is a sex offender will be posted on the internet, he will likely experience difficulties in seeking employment and in obtaining a residence, and he will suffer the stigma that the designation incurs. These are not trivial consequences. As one court put it: "To be adjudicated guilty necessarily results in denomination as a sex offender; automatically provided is a lifetime of continuous punishment—being marked as a pariah with severe restrictions on residence, movements, activities and associations. Adding unnecessary, unduly long, periods of incarceration is inappropriate and it should be avoided." *United States v. R.V.*, 157 F.Supp.3d 207, 210 (E.D.N.Y. 2016).

**E. The need for the sentence imposed to afford adequate deterrence to criminal conduct 18 U.S.C. § 3553(a)(2)(B)**

As noted above, the mandatory minimum 180-month sentence, as well as the onerous consequences of sex offender registration, should deter Patrick McAneny from committing any further crimes. When it comes to general deterrence, certainty of punishment is more important than severity of punishment. Michael Tonry, *Purposes and Functions of Sentencing*, 34 Crime & Just. 1, 30 (2006). Increases in the severity of punishment seldom, if ever, prevent crime. *Id.* at 29; also see, *United States v. Beiermann*, 599 F.Supp.2d 1087, 1103-1104 (N.D. Iowa 2009) (noting that while deterrence is a laudable goal, it "is not being achieved according to any empirical or other evidence in this case or, for that matter, empirical evidence in any other case or source that I am aware of"); *Kelly*, 868 F.Supp.2d at 1207 (D.New Mex. 2012) ("The Court is aware of absolutely no evidence suggesting that increased penalties for the consumers of child pornography have decreased the swell of child pornography produced or posted to the internet, or deterred 'hands-on' abuses against children").

**F. The need for the sentence imposed to protect the public from further crimes of the defendant – 18 U.S.C. § 3553(a)(2)(C)**

Researchers who have studied recidivist rates for child pornographers have consistently found low rates of reoffending. A study of online child pornography offenders followed for a period of three and a half years reported the following recidivism rates: 5% of offenders were caught for a new sexual offense of any kind; 3.4% were rearrested, recharged or reconvicted for a new child pornography offense; and 2.1% were rearrested, recharged or reconvicted for a new contact sexual offense. Child Pornography Offender Characteristics and Risk to Reoffend,

9

Testimony of Michael Seto before the U.S. Sentencing Commission on Federal Child Pornography Crimes.[5]

Similar results have been seen in other studies as well. Webb, L., Craissati, J., & Keen, S. (2007). *Characteristics of Internet child pornography offenders: A comparison with child molesters*. Sexual Abuse: A Journal of Research and Treatment, 19, 449-465 ("the largest subgroup of internet offenders would appear to pose a very low risk of sexual recidivism"). [6]

Other than this offense and a misdemeanor assault conviction, Patrick McAneny has been a law-abiding citizen. It is unlikely that he will reoffend. Again, aside from the one point from his misdemeanor assault conviction, he has no other criminal history, as opposed to other offenders who have prior arrests or dismissed charges or those who have zero or low criminal history points only because their prior convictions did not receive points under guideline exclusion rules. U.S. Sent'g Comm'n, *Recidivism and the "First Offender"* 3 (2004).

WHEREFORE, Patrick McAneny respectfully requests that this Court impose a term of 180 months imprisonment. While this term represents the minimum sentence permitted by statute, it remains a significant punishment that meets Congress's objectives.

The mandatory minimum appropriately balances congressional intent, the seriousness of the offense, and Patrick McAneny's individual circumstances. His acceptance of responsibility, limited criminal history, and willingness to undergo mental health treatment support a conclusion

---

[5] http://www.ussc.gov/sites/default/files/pdf/amendment-process/public-hearings-and-meetings/20120215-16/Testimony_15_Seto.pdf
[6] http://www.abusewatch.net/36195320-Characteristics-of-Internet-Child-Pornography-Offenders.pdf (last accessed on May 31, 2017).

10

that a sentence beyond the statutory minimum would be greater than necessary to achieve the purpose of sentencing.

Respectfully submitted,

**PATRICK MCANENY, JR.**

**BY: /s/ Marsha M. Arnurius**
   **MARSHA M. ARNURIUS**
  Attorney for Defendant Patrick McAneny, Jr.
  BPR # 022925
  P.O. Box 3812
  Johnson City, TN  37602
  (423) 426-2078

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties on the electronic filing receipt. All other interested parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

This the 18th day of June, 2025.

/s/ Marsha M. Arnurius

**MARSHA M. ARNURIUS**

## Table 1

## District court cases within the 8th Circuit in which a sentencing court has rejected an advisory Guideline range based on a policy disagreement with the child pornography Guidelines

*United States v. Beiermann*, 599 F.Supp.2d 1087, 1100-04 (W.D. Iowa 2009)

*United States v. Jacob*, 631 F.Supp.2d 1099, 1112-15 (N.D. Iowa 2009)

*United States v. Johnson*, 588 F.Supp.2d 997, 1003-04 (S.D. Iowa 2008)

*United States v. Shipley*, 560 F.Supp.2d 739, 744 (S.D. Iowa 2008)

*United States v. Baird*, 580 F.Supp.2d 889, 894-95 (D. Neb. 2008)

*United States v. Abraham*, 944 F.Supp.2d 723, 727-30 (D. Neb. 2013)

12

*United States v. Grinbergs*, 2008 WL 4191145 at *4-8, 10 (D. Neb. 2008)

*United States v. Howard*, 2010 WL 749782 at * 4-7, 9-11 (D. Neb. 2010)

*United States v. Munoz*, 2012 WL 5351750 at *4 (D. Minn. 2012)

*United States v. Strayer*, 2010 WL 2560466 at * 12-13 (D. Neb. 2010)

*United States v. Mallatt*, 2013 WL 6196946 at * 14-17 (D. Neb. 2013)

*United States v. Stieren*, 2013 WL 5539359 at * 8-12 (D. Neb. 2013)

*United States v. Gellatly*, 2009 WL 35166 at * 9-10 (D. Neb. 2009)

*United States v. Hahn*, 2011 WL 23083 at * 10-11 (D. Neb. 2011)

*United States v. Stults*, 2008 WL 4277676 at * 9-10 (D. Neb. 2008)

*United States v. Fulfor*, 2009 WL 1839005 at * 9 (D. Neb. 2009)

*United States v. Noe*, 2009 WL 3836707 * 8 (D. Neb. 2009)

United States v. Sudyka, 2008 WL 1766765 at * 8 (D. Neb. 2008)

*United States v. Almazan*, 908 F.Supp.2d 963, 969-970 (N.D. Iowa 2012)

*United States v. Meysenburg*, 2009 WL 2948554 at * 9 (D. Neb. 2009)

*United States v. Plachy*, 2013 WL 1914613 * 9 (D. Neb. 2013)